[840 NYS2d 372]

In the Matter of DAIVERY TAYLOR (Admitted as DAIVERY GERARD TAYLOR), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 10, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In or about August 2004, the respondent was charged under Nassau County indictment No. 1705N/04, with multiple counts of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35; multiple counts of insurance fraud, in violation of Penal Law § 176.20; multiple counts of grand larceny in the third degree, in violation of Penal Law § 155.35; one count of scheme to defraud in the first degree, in violation of Penal Law § 190.65; and one count of enterprise corruption, in violation of Penal Law § 460.20 (1).

On September 29, 2005, the respondent was convicted, after a nonjury trial before the Honorable Jeffrey S. Brown, in the County Court, Nassau County, of one count of scheme to defraud in the first degree, in violation of Penal Law § 190.65, and four counts of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35. On July 31, 2006, the respondent was sentenced before the Honorable Jeffrey S. Brown, to a five-year term of probation, a fine in the sum of $5,000, a surcharge in the sum of $200, and a crime victims assessment fee in the sum of $10. Grievance counsel avers that the record of the respondent's conviction is presently sealed pursuant to court order.

By virtue of his felony conviction, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a) and was automatically disbarred. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves for an order strike the respondent's name from the roll of attorneys based upon his felony conviction pursuant to Judiciary Law § 90 (4). Although the respondent's attorney was served with a copy of the Grievance Committee's motion papers, the respondent did not submit any response or request an extension of time to do so. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted, without opposition.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and SPOLZINO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daivery Taylor, admitted as Daivery Gerard Taylor, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Daivery Taylor, admitted as Daivery Gerard Taylor, shall comply with this Court's rules

governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daivery Taylor, admitted as Daivery Gerard Taylor, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Daivery Taylor, admitted as Daivery Gerard Taylor, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).